# UNITED STATES DISTRICT COURT
for the
District of Guam

**FILED**
DISTRICT COURT OF GUAM
MAY 03 2019
JEANNE G. QUINATA
CLERK OF COURT

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>Unnumbered Dwelling on Arora Street Off of Swamp Road, Dededo, Guam (See Attachment A) | Case No.<br><br>MJ 19-00033 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Unnumbered Dwelling on Arora Street Off of Swamp Road, Dededo, Guam. Property is further described in Attachment A.

located in the _____ District of _____ Guam _____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B which is incorporated herein.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Sections 922(g)(1) and 922(g)(3) | Felon in Possession of a Firearm; Drug User in Possession of a Firearm |

The application is based on these facts:

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

JOSHUA SHERMAN, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/3/19

_____
*Judge's signature*

City and state: Hagatna, Guam

JOAQUIN V.E. MANIBUSAN, JR., U.S. Magistrate Judge
*Printed name and title*

**ORIGINAL**

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Joshua Sherman, being duly sworn on oath, hereby depose and state as follows:

## INTRODUCTION AND BACKGROUND

1. I, Joshua Sherman, being duly sworn, state that I am a Special Agent ("SA") of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). I have been so employed since 2009 and I am currently assigned to the Guam Field Office of the Seattle Field Division. I have a Bachelor's Degree in Criminal Justice and History from the University of North Carolina at Charlotte. I previously served as a police officer and detective for approximately two years at the Jacksonville Police Department in Jacksonville, NC. I subsequently served as a Special Agent with the North Carolina State Bureau of Investigation for approximately one year. During the course of my career, I have conducted numerous and varied criminal investigations, attended hundreds of hours of training, and testified in court at the federal, state, and local level. I am a graduate of the Criminal Investigators Training Program at the Federal Law Enforcement Training Center and the ATF Special Agent Basic Training at the ATF National Academy in Glynco, GA.

2. My duties as a SA with ATF include investigating criminal violations of federal law of Titles 18, 21, and others—specifically including, but not limited to, violations of 18 U.S.C. §§ 922(g)(1) and 922(g)(3).

3. I have also participated in undercover investigations involving the purchase of firearms and controlled substances, assisted in the execution of both state and federal search warrants relating to firearms and controlled substances and have conducted numerous surveillances and controlled deliveries in connection with narcotics investigations.

1

4. I am aware based on my personal training and experience that criminals often use cellular phones to communicate instructions, plans and intentions to their criminal associates and to report on the progress of their criminal activities, and save the names and telephone numbers of these criminal associates as "contacts" on their cellular telephones or other electronic devices. I am aware that evidence of these instructions, plans, intentions, reports and general discussions of criminal activity are sent or received in the form of text messages, incoming and outgoing call histories or voice messages left in personal voice mail system. I am familiar with the methods in which text messages are sent and received and know that third party phone applications, most commonly referred to as "Apps," are widely used.

5. I am also aware that these new "Apps" allow narcotics traffickers and smugglers to conduct financial transactions on their cellular telephones or other electronic devices via individual financial institution "Apps" to transfer money suspected to be the proceeds from the sale of illegal narcotics from one account to another without ever having to enter a physical location of that financial institution.

6. I am aware that cellular and electronic devices have the capability to store extensive financial records or information to include but not limited to, bank and credit card information, account information and other financial records. This capability allows narcotics traffickers to maintain their anonymity and lessen the likelihood of being discovered by law enforcement personnel.

7. I am aware that cellular and electronic devices have the capability to show and retain information regarding the ownership of the device, when files and additional information was created, edited or deleted, such as logs, registry entries, configuration files, usernames and

passwords, documents, browsing history, user profiles, email contacts, "chat and instant messaging logs, photographs and correspondence.

8. The information contained within this affidavit is based upon my personal observations, training, and on information related to me by other law enforcement officers and investigators as set forth more fully herein. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violations of 18 U.S.C. §§ 922(g)(1), Felon in Possession of a Firearm, and 922(g)(3) Drug User or Addict in Possession of a Firearm, are located within the location described below.

9. I am submitting this Affidavit under Rule 41 of the Federal Rules of Criminal Procedure in support of an Application for a search warrant authorizing the search of an **unnumbered residence located on Arora Street off of Swamp Road in Dededo, Guam**, further described in Attachment A. I believe that evidence and instrumentalities, more particularly described in Attachment B, which is attached hereto and incorporated herein, will be found during the search of the residence.

10. I am requesting the authorization to search the premises believed to be under the access and control of Charles Elmer SCHARFF II.

11. The purpose of this application is to search for and seize evidence, more particularly described in Attachment B hereto of violations 18 U.S.C. § 922(g)(1) and 922(g)(3).

12. This affidavit is being filed based on personal knowledge, personal observations of and discussions with other federal agents, law enforcement officers, interviews with witnesses, information received from Task Force Officers (TFOs) and review of government

3

records. This affidavit is intended to support probable cause but is not intended to convey all the facts of the entire investigation. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of the violations of 18 U.S.C. §§ 922(g)(1) and 922(g)(3) are located within the residence described herein.

13. I know from training, experience, and discussions with other law enforcement officers that users and distributors of controlled substances often keep records, photographs, audio/video recordings, items which communicate information that relate to the transportation, purchasing, and distribution of controlled substances. These records and information are often kept on smart phones, cell phones, laptops, desktop computers, tablets, Cloud, and other electronic devices. I know narcotic traffickers and users also keep packaging materials, digital scales, and other drug paraphernalia.

14. I know that individuals committing criminal violations that possess firearms will maintain those firearms under their control and custody. The most common of these areas would be their residences and/or vehicles. I know that firearms are durable and not disposed of on a routine basis and can be hidden within structures or buried or hidden inside of or nearby a properties' curtilage. I also know that firearms are difficult to acquire for prohibited person(s) and it is common for them to maintain those firearms for years at a time.

15. I know that individuals involved in criminal activity that use and distribute firearms to other associates often have ammunition and documents related to these firearms. It is common that even after firearms have been removed, ammunition for these firearms remain where the firearms were kept. I have seen where evidence that firearms had been possessed,

4

such as accessories to include holsters, magazines, cases (which may include serial numbers of firearms and allow the firearms to be traced), photographs of suspects possessing firearms, ledgers showing the purchase and sale of firearms have been left behind even after the firearms were removed or hidden.

16. Your affiant also knows from experience that there are no traditional commercial firearm or ammunition manufacturers on the island of Guam and any firearm or ammunition found on Guam would most likely have affected interstate commerce.

## DETAILS OF INVESTIGATION

17. On May 3, 2019, Charles Elmer SCHARFF II ("SCHARFF") was arrested by the Guam Marshals for an outstanding Superior Court of Guam bench warrant (CF 0726-16). SCHARFF was arrested at an unnumbered residence located on Arora Street off of Swamp Road in Dededo, Guam. During SCHARFF's arrest, Marshals recovered a firearm in SCHARFF's possession. ATF agents were notified of the incident and responded to the residence.

18. Upon arrival, your affiant advised SCHARFF of his Miranda Rights which he waived and willingly spoke with investigators. SCHARFF admitted to possessing the firearm which he described as a Smith and Wesson pistol. SCHARFF admitted that he possessed the firearm in a holster on his hip. SCHARFF also admitted to being a felon and knew he was prohibited from possessing firearms.

19. SCHARFF also admitted to your affiant that he smoked methamphetamine on a regular basis and smoked methamphetamine as recently as the previous day. SCHARFF stated that he had been staying at the residence for approximately four days and resided within the bedroom where he was taken into custody by the Marshals. SCHARFF also indicated he had

5

driven the vehicle described in this affidavit, a 1997 white in color Toyota Camry bearing Guam license plate 3569, to the residence. The vehicle is registered to Gloria Sangalang.

20. Agents observed the firearm recovered from SCHARFF to be a Smith and Wesson .45 caliber pistol.

21. Your affiant conduted a cursory review of SCHARFF's N.C.I.C. criminal history which I believe reveal a felony conviction in the Superior Court of Guam in 2001 (Criminal Felony CF44-01) resulting in a sentence of three years at the Department of Corrections.

## **CONCLUSION**

22. Based on the foregoing, there is probable cause to believe that the following items may be located at the premises, namely an unnumbered residence located on Arora Street off of Swamp Road in Dededo, Guam, in the Judicial District of Guam:

   a. Firearms and Ammunition, including accessories (holster, magazine, cases)

   b. Controlled substances, in particular but not limited to: methamphetamine or other derivative thereof.

   c. Drug Paraphernalia including but not limited to: pipes, alligator clips, cigarette rolling paper, clear plastic re-sealable bags, plastic straws and any other device used to assist in the smoking of controlled substances.

   d. Methamphetamine manufacturing processing and distribution equipment such as scales, cutting devices, cutting materials, and packaging materials, and other devices used for the preparation, sale, and administration of said drugs.

   e. Written records and document or scratch sheets (Ledgers) in regards to processing and distribution of methamphetamine or any other controlled substances.

6

Case 1:19-mj-00033 Document 1 Filed 05/03/19 Page 7 of 11

f. Telephones (Cellular Phones, Smart Phones, and the like) and address books or papers that reflect names, addresses, and/or telephone numbers of their associates in dealing illegal controlled substances and persons or entities from whom proceeds of drug transactions or other items of value have been obtained and in what manner said proceeds are presently maintained.

g. Photographs of individuals, properties, and illicit controlled substances. Computers, hard drives, flash drives, SD Cards, Sim Cards, any and all media storage devices, which may have ledgers, information pertaining to drug trafficking and/or illegal firearms possession.

h. Indicia of control of the premises, to include records that establish the persons who have control, possession, custody or dominion over the property searched and from which evidence is seized, such as: personal mail, check books, personal identification, notes, other correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, photographs, leases, mortgage bills, and vehicle registration information or ownership warranties, clothing, and telephone answering machine introductions.

i. Books, records, receipts, notes, ledgers and other papers relating to the transportation, ordering, purchase, distribution, sale and possession of firearms, ammunition, methamphetamine

j. Financial records, invoices, and/or receipts relating to the acquisition and disposition of firearms.

23. WHEREFORE, based upon the information contained herein, there is probable cause to believe that on the property described in paragraph 9 are evidence and instrumentalities

7

of criminal offenses against the United States, to wit: violations of 18 U.S.C. §§ 922(g)(1) and 922(g)(3).

FURTHER AFFIANT SAYETH NAUGHT

*Joshua Sherman*
Joshua Sherman
Special Agent
ATF

# ATTACHMENT A

Description of Property to be Searched

An unnumbered single story concrete dwelling with a rusted tin roof located on Arora Street off of Swamp Road in Dededo, Guam (photograph attached).



9

# ATTACHMENT B

Description of Property to be seized

1. Firearms and Ammunition including accessories (holster, magazine, cases)

2. Controlled substances, in particular but not limited to: methamphetamine or other derivative thereof.

3. Drug Paraphernalia including but not limited to: pipes, alligator clips, cigarette rolling paper, clear plastic re-sealable bags, plastic straws and any other device used to assist in the smoking of controlled substances.

4. Methamphetamine manufacturing processing and distribution equipment such as scales, cutting devices, cutting materials, and packaging materials, and other devices used for the preparation, sale, and administration of said drugs.

5. Written records and document or scratch sheets (Ledgers) in regards to processing and distribution of methamphetamine or any other controlled substances.

6. Telephones (Cellular Phones, Smart Phones, and the like) and address books or papers that reflect names, addresses, and/or telephone numbers of their associates in dealing illegal controlled substances and persons or entities from whom proceeds of drug transactions or other items of value have been obtained and in what manner said proceeds are presently maintained.

7. Photographs of individuals, properties, and illicit controlled substances. Computers, hard drives, flash drives, SD Cards, Sim Cards, any and all media storage devices, which may have ledgers, information pertaining to drug trafficking and/or illegal firearms possession.

8. Indicia of control of the premises, to include records that establish the persons who have control, possession, custody or dominion over the property searched and from which evidence is seized, such as: personal mail, check books, personal identification, notes, other correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, photographs, leases, mortgage bills, and vehicle registration information or ownership warranties, clothing, and telephone answering machine introductions.

9. Books, records, receipts, notes, ledgers and other papers relating to the transportation, ordering, purchase, distribution, sale and possession of firearms, ammunition, methamphetamine

10. Financial records, invoices, and/or receipts relating to the acquisition and disposition of firearms.